## Case No. 12,695.

### In re SHAFER et al.

[17 N. B. R. 116; [1] 1 N. J. Law J. 66.]

District Court, D. New Jersey. 1878.

COMPOSITION—EFFECT UPON FRAUDULENT DEBTS —ACTION AGAINST BANKRUPT—INJUNCTION.

1. Provable debts created by fraud are included in and bound by a composition in bankruptcy.

2. An injunction to restrain the prosecution of an action against the bankrupt in a state court, during the pendency of a composition, is proper where instalments of the composition have been tendered to the creditors. and the bankrupt is not permitted to plead the composition as a bar to the action.

[In the matter of Nathan B. Shafer and John S. Wesselhoefft, bankrupts.]

Hamilton Wallis. for bankrupts.
James Clark, for Waldron and Loughran.

NIXON, District Judge. This is an application to the court, by the bankrupts, to restrain one of their creditors from prosecuting a suit against them in the marine court of the city of New York, to recover the amount of a debt provable in the bankruptcy proceedings. The petitioners were adjudged bankrupts in this court on the 2d of January, 1877. upon an involuntary petition filed by their creditors on the 15th of December, 1876. Pending the bankruptcy proceedings, to wit. on the 21st of December, 1876, the alleged bankrupts proposed a composition under the provisions of section 5103 of the act. The necessary formal steps were taken to secure the assent of their creditors. and such assent was given. The requisite number of their creditors in amount and value agreed to accept twenty-five per cent. in full satisfaction of all their debts—the payment to be made in money—in four equal instalments, payable in three, six, nine and twelve months from the time when the composition should go into effect, and to be evidenced by the promissory notes of the bankrupts falling due at said times. The court. after notice and hearing. ordered the resolution of the creditors to be recorded on the 27th of March, 1877. and directed the assignee in bankruptcy to reassign to the bankrupts the property of the estate. After the petition in bankruptcy was filed. and before an adjudication, to wit, on the 22d day of December, 1876, one Thomas Waldron and Peter Loughran commenced an action in the marine court of

the city of New York against the bankrupts, by the names of Nathan B. Shafer and Charles Wesselhoefft, to recover three hundred and forty-three dollars and thirty-one cents, and obtained an order of arrest against them on an affidavit setting forth that the debt was fraudulently contracted. In the composition proceedings, and at the first meeting of creditors, the name, address, and claim of Waldron & Loughran were included in the list of creditors presented by the bankrupts. In the petition praying for the injunction in this case it is alleged that, after the order of the court directing the resolution of the creditors accepting the composition to be recorded, the said bankrupts proceeded to carry out the settlement therein proposed and accepted; that they tendered to Waldron & Loughran the notes provided for in said composition as evidence of the indebtedness and time of payment of the several instalments, and that two of the said notes have been matured, and the amounts due thereon have been tendered to the said creditors and refused by them. The court is asked to interfere by an injunction before judgment is obtained by these creditors, whereby they will recover the full amount of their claim, and thus obtain a preference over other creditors who are receiving only twenty-five per cent. The counsel for the respondents insists that this court ought not to grant the injunction, for the reason that the marine court of the city of New York, in ordering the warrant of arrest, adjudged the debt to have been contracted by fraud; that such adjudication ought not to be impeached collaterally here, and that fraudulent debts are not affected by the composition proceedings.

We are thus brought face to face to the question, which seems to be an open one in this court, whether debts created by the fraud or embezzlement of the bankrupt, or while acting in any fiduciary character, are included in and bound by the composition provided for in the 17th section of the amendments of June 22. 1874 [18 Stat. 189]. To assist in determining it, let us look at the provisions of the section. It is provided that in all cases of bankruptcy, whether an adjudication shall have been had or not, the creditors may, at a meeting called under the direction of the court, resolve that a composition proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor, if such resolution is passed by a majority in number and three-fourths in value of the creditors assembled, and shall be confirmed by the signatures of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor. The only creditors who are excluded from voting are those whose debts are fully secured, and they are allowed to vote and sign the resolution when relinquishing their security for the benefit of the estate. * * * "The provisions of a composition ac-

cepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the right of any other creditors. * * * Every such composition shall, subject to the priorities declared in said act, provide for a pro rata payment or satisfaction in money to the creditors in proportion to the amount of their unsecured debts, or their debts in respect to which any such security shall have been duly surrendered." We find no warrant here for discrimination in regard to the nature and character of the debtors' liabilities; no distinction is drawn between debts that are honestly and those that are fraudulently contracted—between those which grown out of ordinary business relations and those of a fiduciary character. The phraseology of the section is broad enough to include in the composition all debts except those for which security is held, and all creditors are expressly bound, whose names, addresses, and amounts of claims are shown in the statement of the debt, or produced at the meeting called to consider the proposition for composition.

What reason or foundation, then, is there for the impression that any class of debts is excepted from the operation of the composition proceedings? It arises, doubtless, from section 5117 of the bankrupt act, which was in the original law, and relates to the granting of a discharge in bankruptcy. It is there enacted that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt." This, of course, refers to the matter of discharging a bankrupt from his debts in the bankruptcy proceedings, but no discharge is necessary or proper when the proceedings are by composition. In Re Becket [Case No. 1,210], Woods, Circuit Judge, says: "When a proposition for composition has been made and accepted by a meeting of creditors, and approved by the court, and the terms complied with by the debtor, he is discharged from the claims of all creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting of creditors at which the resolution accepting the composition was passed. No other discharge is necessary, for, in the language of the act, the provision of the composition shall be binding on such creditors. No general discharge can be granted, for the composition does not affect or prejudice the rights of other creditors. This settlement by composition of the affairs of the debtor in whose case proceed-

ings in bankruptcy have been commenced does not contemplate a discharge under the act. The composition may be offered, accepted, and approved, even without an adjudication in bankruptcy." The section in regard to a composition, which was copied substantially from the 126th section of the English act of 1869, was for the first time incorporated into our law by the amendment of June 22, 1874. It is not so much an amendment of the old law as an addition to the methods by which a debtor arranges with his creditors. The English act authorizes the composition "without any proceedings in bankruptcy;" our act requires "a case in bankruptcy to be pending against the debtor," but does not require an adjudication to be had. The bankruptcy proceedings stand in abeyance, so to speak, while the negotiations for composition are going on, and they revive or die according to the failure or success of these negotiations of the debtor with his creditors.

In construing the composition act, several decisions have been rendered which reflect light on the question under consideration. In Re Trafton [Case No. 14,133], Judge Lowell says, "that the word creditors, as therein used, plainly means all who have debts provable in bankruptcy;" and debts created by fraud, etc., are so provable. Section 5117. In Re Haskell [Id. 6,192], the same learned judge holds that a debtor may compound with his creditors under this section, who, in consequence of preferences made after he was insolvent, would not be able to obtain his discharge in bankruptcy proceedings. In Ex parte Jewett [Id. 7,303], he also decided that a creditor who had bought the debt with intent to prevent the adoption of a pending resolution for composition, might vote upon it at the meeting for composition, although section 5077 of the bankrupt act required that the creditor, in proving his claim in bankruptcy, should swear that he had not procured it for the purpose of influencing the proceedings; and that the form of oath prescribed for proving debts in bankruptcy need not be followed in voting upon resolutions for composition.

It may be added in this connection that the composition act provides that the percentage to the creditors shall be paid pro rata, subject, nevertheless, to the priorities declared in section 5101 of the bankrupt act. If congress deemed it necessary, in order to preserve the priorities given in the original law, to enact specifically that they should continue, is it not a fair inference that, if they had intended to except from the operation of the provisions of the composition the discharge of the debts created under the circumstances mentioned in section 5117, they would have manifested their intention by a qualification of the sweeping clause that the composition should be binding upon all the creditors whose names, addresses, and the amounts of the debts due to whom, were

shown in the statement of the debtor produced at the meeting of creditors? I am strongly under the impression, therefore, that the composition act was designed to include within the operation of its provisions, debts created by the fraud of the debtor, and that such debts are discharged by the payment of the dividend agreed to by the creditors and sanctioned by the court. And this impression is strengthened by a recent decision of the supreme court of New Hampshire, in the case of Wells v. Lamprey [see note at end of case], which has come to my notice since reaching this conclusion. That was an action of covenant against a debtor who pleaded his discharge by a composition. The plaintiff replied that the debt was created by the fraud of the defendant. It was admitted that the debt was one provable in bankruptcy; that the creditor's name and residence, with the amount of his claim, had been duly inserted in the list of claims furnished by the defendant, and that the plaintiff had received the amount proposed by the resolution for the composition. The court said: "Upon these facts, we think the plaintiff is not entitled to recover. It will be observed that the statute under consideration does not exempt from its operation any class of debts; it, in terms, declares that the composition or settlement shall be binding 'on all the creditors whose names, and the amount of whose debts are mentioned in the statement produced at the meeting at which the resolution has been passed.' This provision is not in amendment of, or a substitute for, the provision of the Revised Statutes, but is in addition to them. Under this provision the debtor receives no discharge. He makes a settlement of his debts under the supervision and with the sanction of the court, and that settlement is declared to be binding. It is as if the debtor went to each creditor and offered him a certain percentage to discharge his claim against him, and the offer was accepted. The only difference in the two cases is that, under the act in question, the amount paid is uniform, and a certain portion of the creditors may compel the balance to discharge their claims, whether they are willing to do so or not."

What effect should such a view of the provisions of the law have upon the pending motion? The composition proceedings are still going forward. The instalments to be paid have not all matured, and until they do the bankrupts are entitled to protection from the suits of creditors who are included in the composition. To leave no room for doubt in this respect, it was further enacted in the section relating to composition, that the provisions of any composition might be enforced by the court, on motion made in a summary manner by any person interested, and on reasonable notice. This does not mean that the court, on application by the debtor, will compel the creditors to accept the composition. They may refuse to take the money,

if they please, just as any other creditor may refuse when his debtor tenders payment of his debt. But it does mean that the court will, or may continue to exercise a restraining authority over all the parties to the arrangement, when they pursue or attempt to pursue a course of conduct which tends to nullify or hinder the carrying out of the composition, and will enforce the prompt performance of any affirmative act which its terms require of the bankrupt or the creditor.

But it may be asked, why should this court interfere with a suit pending in another court? Why not allow the bankrupts to be sued or harassed by their opposing creditors, since they can defend themselves against any ultimate loss by pleading the composition? These inquiries bring up the chief difficulty in the present case. The petitioners alleged that the respondents commenced their action after the filing of the petition in bankruptcy; that upon proof being made that the order for the arrest of the defendants had been vacated by the judge of the marine court, this court restrained the plaintiffs from further proceedings therein; that the general term setting aside the vacation of the order for arrest, the plaintiffs gave notice of going forward with the case; that the composition proceedings, in the meantime, having been approved by the court and ordered to be recorded, they applied to the marine court for leave to plead the composition, which request was refused; and that they have not had, and cannot obtain, an opportunity in that court to try either the question of fraud in the creation of the debt, or the effect of the composition upon the respondents' claim. The counsel for the bankrupts stated on the argument, that if the proceedings could be so ordered that he would be heard upon these matters, he wanted no injunction; and that he had come to this court because he was refused a hearing elsewhere, in order to protect the bankrupt and the other creditors from the inequality and injustice which must follow if these creditors were allowed, in an action commenced since the petition in bankruptcy was filed, to recover a judgment for their whole debt, which judgment would become a lien upon the property and assets on the possession and value of which they had relied for the means and ability to carry out the composition.

I do not regard the question of fraud in the creation of the debt as an open one. In authorizing the arrest of the bankrupts in the preliminary proceedings, it has been decided by a court of competent jurisdiction, and that decision cannot be impeached collaterally in this court. But, holding that the composition proceedings are still pending; that, notwithstanding the fraudulent character of the debt it is within the provisions of the composition act, and that the tender of the instalments relieves the bankrupts from suit, I must allow the injunction as prayed for. I do it with some reluctance, but do not perceive

that I can do otherwise, as long as the bankrupts are not permitted to plead the composition as a bar to the plaintiffs' recovery. Whenever it shall be made to appear that the plaintiffs in the action have consented to the filing of such a plea, and the court has allowed a trial on the issue raised by it, I will dissolve the injunction, and will leave the parties to the judgment of that court as to the effect of the plea upon the debt in controversy.

[NOTE. The case of Wells v. Lamprey, decided by the supreme court of New Hampshire, in August, 1877, is here reprinted from 16 N. B. R. 205, by permission:]

Provable debts, although created by fraud, are discharged by a composition in bankruptcy.

The action is covenant. The writ was dated April 10, 1876. The defendant conveyed to the plaintiff certain premises, covenanting that they were free from all incumbrances. They were, in fact, subject to a mortgage, which the plaintiff was compelled to pay, and this action was brought to recover the amount of such payment. The defendant pleaded a discharge in bankruptcy, by a composition. The plaintiff replied that the debt was created by the fraud of the defendant.

Mr. Spring, for plaintiff.
Mr. Murray, for defendant.

STANLY, J. The question here presented is as to the effect of a discharge in bankruptcy, by a composition, by which we understand that, under the act of June 22, 1874 [18 Stat. 178], the defendant compounded and settled with his creditors, one of whom was the plaintiff. The provision of law bearing on this question is as follows: "In all cases of bankruptcy, now pending, or to be hereafter pending, by or against any person, whether an adjudication in bankruptcy shall have been had or not, the creditors of such alleged bankrupt may, at a meeting called under the direction of the court, and upon not less than ten days' notice to such known creditors, of the time, place and purpose of such meeting, such notice to be personal or otherwise, as the court may direct, resolve that a composition, proposed by the debtor, shall be accepted in satisfaction of the debts due to them from the debtor; and such resolution shall, to be operative, have been passed by a majority in number and three-fourths in value of the creditors of the debtor assembled at such meeting, either in person, or by proxy, and shall be confirmed by the signatures thereto, of the debtor, and two-thirds in number and one-half in value of all the creditors of the debtor. * * * The provisions of a composition accepted, by such resolution, in pursuance of this section, shall be binding on all the creditors, whose names and addresses and the amount of the debts due to whom are shown, in the statement of the debtor, produced at the meeting at which the resolution shall have been passed, but shall not affect, or prejudice the rights of any other creditors." 18 Stat. 1st Sess. 43d Cong. 182, § 17.

No question is raised as to whether or not the plaintiff's debt is provable in bankruptcy, nor that his name and residence, with the amount of his claim was duly inserted in the list of claims furnished by the defendant, under the provisions of the act in question, and the case finds that the plaintiff received the amount proposed by the resolution for a composition.

Upon these facts, we think the plaintiff is not entitled to recover. It will be observed that the statute under consideration does not exempt from its operation any class of debts. It, in terms, declares that the composition or settlement shall be binding "on all the creditors whose names and the amount of whose debts

are mentioned in the statement produced at the meeting at which the resolution has been passed." This provision is not in amendment of, or a substitute for the provisions of the Revised Statutes, but is in addition to them. Under this provision the debtor receives no discharge. He makes a settlement of his debts under the supervision and with the sanction of the court, and that settlement is declared to be binding. It is as if the debtor went to each creditor and offered him a certain percentage to discharge his claim against him, and the offer was accepted. The only difference in the two cases is, that under the act in question, the amount paid is uniform, and a certain portion of the creditors may compel the balance to discharge their claims, whether they are willing to do so or not. By the adoption of the resolution for the composition, and its approval by the court and the payment of the amount proposed, the claims of all those whose names, residences and the amount of whose debts appear in the statement are absolutely discharged, and all right of action thereon is thereafter forever barred. No other discharge is necessary. The record of the adoption of the resolution and the evidence of payment are all that is required. In re Becket [Case No. 1,210]; In re Trafton [Id. 14,133].

Case discharged.